This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Cook COUNTY | | FILED 3/27/2025 3:35 PM Mariyana T. Spyropoulos CIRCUIT CLERK COOK COUNTY, IL 2025L004156 Calendar, R 32019246 |

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | AZAR GARAYEV<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | CITY OF CHICAGO ET AL.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons Issued for this Defendant.)* |

2025L004156 Cal R
**Case Number**

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | 1. **Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/Information for service:<br>Name *(First, Middle, Last)*: CITY OF CHICAGO<br>Registered Agent's name, if any: _____<br>Street Address, Unit #: 121 N. LaSalle Street #107<br>City, State, ZIP: Chicago, IL 60601<br>Telephone: _____ Email: _____ |
|---|---|
| In 1b, enter a second address for Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In 1c, check how you are sending your documents to Defendant/Respondent. | c. Method of service on Defendant/Respondent:<br>☐ Sheriff ☐ Sheriff outside Illinois: _____ County & State<br>☑ Special process server ☐ Licensed private detective |

APR2 11:06AM
COUNSEL

Enter the Case Number given by the Circuit Clerk: 2025L004156 Cal R

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $ 150,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Laura Ferrigno / Ferrigno Law Firm LLC<br>Street Address, Unit #: 9933 Lawler Ave., Suite 100<br>City, State, ZIP: Skokie, IL 60076<br>Telephone: 8476040406    Email: office@ferrigno-law.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| Important information for the person getting this form | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4. Instructions for person receiving this Summons (Defendant):**<br>☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: DALEY CENTER, 50 W WASHINGTON ST., ROOM 602<br>City, State, ZIP: CHICAGO, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/Response*. | ☐ b. Attend court:<br>On: _____ at _____ ☑ a.m. ☐ p.m. in _____<br>　　Date　　　　Time　　　　　　　　　Courtroom<br>**In-person at:**<br>_____<br>Courthouse Address　City　　　　　State　　ZIP<br>OR |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>　　By telephone: _____<br>　　　　　Call-in number for telephone remote appearance<br>　　By video conference: _____<br>　　　　　Video conference website<br>_____<br>Video conference log-in information (meeting ID, password, etc.)<br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　Circuit Clerk's phone number<br>at: _____ to find out more about how to do this.<br>　　Website |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: _____<br>Clerk of the Court: 3/27/2025 3:35 PM Mariyana T. Spyropoulos |
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of the witness date.<br>Date of Service: _____4/1/25_____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2                    Page 2 of 4                    (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | For Court Use Only |
|---|---|---|
| **Instructions**<br>Enter above the county name where the case was filed. | AZAR GARAYEV<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.<br>CITY OF CHICAGO ET AL.<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2025L004156 Cal R<br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____, 20 ___.

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2025L004156 Cal R

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____

**DO NOT complete this section. The sheriff or private process server will complete it.**

If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

Signature by: _____ ☐ Sheriff
                               ☐ Sheriff outside Illinois: _____
                               *County and State*
                               ☐ Special process server
                               ☐ Licensed private detective

Print Name _____

**FEES**
Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
3/24/2025 2:03 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L004156
Calendar, R
31955002

IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

AZAR GARAYEV,

    Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation,
ALLEN HUANG, individually, as an employee of
CHICAGO, KEVIN LOPEZ, individually and as
an employee of the CITY OF CHICAGO,
E. DURON, individually, and as an employee of
the CITY OF CHICAGO,

    Defendants.

Court Number:

the CITY OF

## COMPLAINT AT LAW

NOW COMES the Plaintiff, AZAR GARAYEV, by and through his attorneys, Ferrigno Law Firm LLC and Jerome Schachter & Associates, Ltd., and complaining against the above Defendants, states as follows:

1. This Court has jurisdiction over this matter pursuant to 735 ILCS 5/2-209 as the events giving rise to these claims occurred in the City of Chicago, Cook County, Illinois.

2. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 and 5/2-102, as the events giving rise to these claims occurred in Cook County, Illinois, and Defendants conduct business and/or reside in Cook County.

3. Plaintiff AZAR GARAYEV ("Plaintiff" or "GARAYEV") is a resident of Wheeling, Illinois, and at all relevant times was a licensed driver in the State of Illinois.

4. Defendant CITY OF CHICAGO ("CITY") is a municipal corporation duly organized and existing under the laws of the State of Illinois.

5. Defendant CHICAGO POLICE DEPARTMENT ("CPD") is a department of the CITY and is responsible for law enforcement within the CITY's jurisdiction.

6. Defendant ALLEN HUANG ("HUANG") is and was at all relevant times a police officer employed by the CITY and the CPD.

7. Defendant KEVIN LOPEZ ("LOPEZ") is and was at all relevant times a police officer employed by the CITY and the CPD. He is sued in his individual capacity and in his official capacity as an employee of the CITY.

8. Defendant E. DURON ("DURON") is and was at all relevant times a supervisor employed by the CITY and the CPD. DURON is sued in both his individual capacity and in his official capacity as an employee of the CITY.

9. At all times relevant hereto, Defendants HUANG, LOPEZ, and DURON were acting under color of law, in the course and scope of their employment, and as agents and employees of the CITY and CPD.

10. On or about March 24, 2024, at approximately 3:22 p.m., Plaintiff was lawfully operating his 2012 Toyota Prius eastbound on 51st Street at or near its intersection with South Western Boulevard in Chicago, Illinois.

11. At the same time and place, Defendant HUANG was operating a 2017 Ford Escape owned by the CITY northbound on South Western Boulevard.

12. As Plaintiff proceeded through the intersection of 51st Street and South Western Boulevard with a green traffic signal, Defendant HUANG, who was traveling northbound on Western Boulevard, disregarded a red traffic signal and entered the intersection.

13. As a result, Plaintiff's vehicle collided with the driver's side of Defendant, HUANG's, vehicle.

14. At the time of the collision, Defendant HUANG was not responding to an emergency call, did not have emergency equipment activated, and was not otherwise exempt from obeying traffic signals.

15. Both Plaintiff and Defendant, HUANG, had dashboard cameras ("dashcams") that were recording at the time of the collision.

16. Upon information and belief, Defendant HUANG's dashcam would have shown that he proceeded through a red light.

17. Upon information and belief, Plaintiff's dashcam would have shown that he proceeded through a green light.

18. Following the collision, Chicago Police officers, including Defendants LOPEZ and/or DURON, arrived at the scene to investigate.

19. Upon information and belief, Defendants LOPEZ and/or DURON collected the dashcam recordings from both vehicles. The Illinois Traffic Crash Report #JH199284 states: "SIM CARD FROM WEBCAM FROM UNIT 1 WAS INVENTORIED UNDER #15485758. CPIC RECOVERED ICC CAMERA FOOTAGE."

20. Despite both drivers claiming they had a green light, and despite having objective video evidence from both vehicles, Defendants LOPEZ and/or DURON issued Plaintiff a citation for violating Section 9-8-020(C)(1) of the Chicago Municipal Code, alleging that Plaintiff had disobeyed a traffic control signal.

21. Upon information and belief, Defendants LOPEZ and/or DURON deliberately or with deliberate indifference failed to properly preserve, maintain, or document the dashcam recordings, resulting in the loss or destruction of this crucial evidence.

22. The loss or destruction of the dashcam recordings occurred while the recordings were in the exclusive possession, custody, and control of the Defendants.

23. Upon information and belief, the dashcam recordings would have definitively shown which driver had the right of way, and would have exonerated Plaintiff.

24. As a result of the collision and the subsequent actions of the Defendants, Plaintiff suffered personal injuries requiring medical treatment, property damage to his vehicle, lost income, and other damages.

### COUNT I - NEGLIGENCE Against Defendants HUANG and CITY

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26. At all times relevant, Defendants HUANG and the CITY had a duty to exercise ordinary care in the operation of their vehicle to avoid causing injury to others, including Plaintiff.

27. Notwithstanding this duty, Defendants committed one or more of the following negligent acts or omissions contrary to and in violation of ILCS:

    a. Failed to obey a traffic control device;
    b. Failed to yield the right of way;
    c. Failed to keep a proper lookout;
    d. Failed to reduce speed to avoid a collision;
    e. Operated their vehicle at a speed greater than reasonable and proper with regard to traffic conditions; and
    f. Was otherwise careless and negligent in the operation of their vehicle.

28. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendants HUANG and the CITY, Plaintiff suffered serious personal injuries, property damage, lost wages, and has incurred medical expenses, past present and future.

29. Defendant CITY is vicariously liable for the negligent acts or omissions of Defendant, HUANG, committed within the scope of his employment under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendants ALLEN HUANG and CITY OF CHICAGO in an amount in excess of the minimum jurisdictional limit, plus costs and any other relief this Court deems just and proper.

### COUNT II - SPOILATION OF EVIDENCE Against All Defendants

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Defendants had a duty to preserve evidence related to the collision, particularly the dashcam recordings from both vehicles, which contained crucial information regarding which driver had the right of way.

32. Defendants knew or should have known that the dashcam recordings were material to potential litigation arising from the collision.

33. Defendants breached their duty by negligently or intentionally losing, destroying, or otherwise failing to preserve the dashcam recordings while such recordings were in their exclusive possession, custody, and control.

34. As a direct and proximate result of Defendants' breach of their duty to preserve evidence, Plaintiff has been prejudiced in his ability to prove his case, defend against the traffic citation, and obtain full compensation for his injuries and damages.

35. But for Defendants' loss or destruction of the dashcam recordings, Plaintiff would have been able to successfully defend against the traffic citation and/or establish liability against Defendant HUANG and the CITY.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendants in an amount in excess of the jurisdictional limit, plus costs and any other relief this Court deems just and proper.

## COUNT III - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Against All Individual Defendants

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. This Count is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

38. At all relevant times, Defendants HUANG, LOPEZ, and DURON were acting under color of state law as police officers employed by the CITY and the CPD.

39. Defendants LOPEZ and/or DURON violated Plaintiff's constitutional rights by:

    a. Issuing a citation to Plaintiff without probable cause in violation of the Fourth Amendment;

    b. Deliberately or with deliberate indifference destroying or failing to preserve exculpatory evidence in violation of Plaintiff's right to due process under the Fourteenth Amendment; and /or

    c. Showing favoritism toward Defendant HUANG, a fellow police officer, by assigning blame to Plaintiff despite conflicting accounts and failing to properly investigate the collision.

40. Defendant HUANG violated Plaintiff's constitutional rights by providing false information regarding the collision and/or using his position as a police officer to influence the investigating officers to issue a citation to Plaintiff.

41. Defendant DURON, as a supervisor, failed to properly supervise the investigation and permitted the loss or destruction of the dashcam recordings.

42. The actions of Defendants were willful, wanton, and in reckless disregard for Plaintiff's constitutional rights.

43. As a direct and proximate result of these violations, Plaintiff suffered damages including personal injuries, property damage, lost wages, medical expenses, emotional distress, and violation of his civil rights.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendants HUANG, LOPEZ, and DURON in an amount in excess of the minimum jurisdictional limit, plus reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, punitive damages, and any other relief this Court deems just and proper.

### COUNT IV - MONELL CLAIM Against Defendant, CITY

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. The violations of Plaintiff's constitutional rights were caused by the policies, practices, and customs of Defendant CITY and the CPD, including but not limited to:

    a. A policy, practice, or custom of showing favoritism toward police officers involved in traffic collisions;
    b. A policy, practice, or custom of failing to properly investigate traffic collisions involving police officers;
    c. A policy, practice, or custom of failing to properly preserve evidence, particularly when such evidence might be unfavorable to police officers;
    d. A failure to properly train and supervise officers regarding the handling and preservation of evidence; and
    e. A failure to implement adequate systems to track and preserve evidence.

46. Defendant, CITY, was deliberately indifferent to the constitutional violations that would result from these policies, practices, and customs.

47. As a direct and proximate result of the aforementioned policies, practices, and customs, Plaintiff suffered damages including personal injuries, property damage, lost wages, medical expenses, emotional distress, and violation of his civil rights.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendant CITY OF CHICAGO in an amount in excess of the minimum jurisdictional limit, plus reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

### COUNT V - MALICIOUS PROSECUTION Against All Defendants

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Defendants initiated or continued a quasi-criminal proceeding against Plaintiff by issuing a traffic citation alleging that Plaintiff disobeyed a traffic control signal.

50. Defendants lacked probable cause to issue this citation, as they either knew or should have known that Defendant HUANG, not Plaintiff, had disobeyed the traffic signal.

51. Defendants acted with malice in issuing the citation to Plaintiff, as demonstrated by their favoritism toward Defendant HUANG and their failure to preserve exculpatory evidence.

52. The proceeding was terminated in Plaintiff's favor or, in the alternative, would have been terminated in Plaintiff's favor had the exculpatory dashcam recordings been preserved.

53. As a result of this malicious prosecution, Plaintiff has suffered damages, including legal expenses, emotional distress, and reputational harm.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendants in an amount in excess of the minimum jurisdictional limit, plus costs, punitive damages, and any other relief this Court deems just and proper.

## COUNT VI - CIVIL CONSPIRACY Against All Individual Defendants

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendants HUANG, LOPEZ, and DURON entered into an agreement, understanding, or meeting of the minds to deprive Plaintiff of his constitutional rights and/or to protect Defendant HUANG from liability.

56. In furtherance of this conspiracy, Defendants committed one or more of the following overt acts:
    a. Issuing a citation to Plaintiff without probable cause;
    b. Deliberately or negligently failing to preserve crucial evidence;
    c. Providing false information in the police report; and/or
    d. Using their positions of authority to influence the outcome of the investigation.

57. As a direct and proximate result of this conspiracy, Plaintiff suffered damages including personal injuries, property damage, lost wages, medical expenses, emotional distress, and violation of his civil rights.

WHEREFORE, Plaintiff, AZAR GARAYEV, demands judgment against Defendants HUANG, LOPEZ, and DURON in an amount in excess of the minimum jurisdictional limit, plus costs, punitive damages, and any other relief this Court deems just and proper.

WHEREFORE, Plaintiff, AZAR GARAYEV, respectfully requests that this Honorable Court: Enter judgment in favor of Plaintiff and against Defendants on all counts; award Plaintiff compensatory damages in an amount to be determined at trial; award Plaintiff punitive damages against the Individual Defendants in an amount to be determined at trial; award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; award Plaintiff pre-judgment and post-judgment interest as provided by law; and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*Laura A. Ferrigno*

By: _____
Laura A Ferrigno

Ferrigno Law Firm LLC
Jerome Schachter & Associates, Ltd.
Attorneys for Plaintiff
9933 North Lawler Ave., Suite 100
Skokie, IL 60077
Phone: 847-604-0406
Fax: 847-790-3806
Email: office@ferrigno-law.com
Attorney Number: 33554 / 08790

IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

AZAR GARAYEV,

    Plaintiff,

v.

CITY OF CHICAGO, a municipal corporation,
ALLEN HUANG, individually, as an employee of
CHICAGO, KEVIN LOPEZ, individually and as
an employee of the CITY OF CHICAGO,
E. DURON, individually, and as an employee of
the CITY OF CHICAGO,

    Defendants.

Court Number:

the CITY OF

## AFFIDAVIT

I, Laura A. Ferrigno, in accordance with and under penalties provided under Section 1-109 of the Illinois Code of Civil Procedure, being first duly sworn, depose and state upon oath the following:

    1. I am one of the attorneys for Plaintiff;

    2. Upon information and belief, the total amount of damages for the Plaintiff exceeds the minimum jurisdictional limit of $50,000.00 and/or the pending matters airisng from the same facts and cause of action will be properly consolidated in the Law Division of the Circuit Court of Cook County.

    FURTHER AFFIANT SAYETH NAUGHT.

                                                Respectfully submitted,

                                                */s/ Laura A. Ferrigno*

                                                By: _____
                                                     Laura A Ferrigno

Ferrigno Law Firm LLC
Jerome Schachter & Associates, Ltd.
Attorneys for Plaintiff
9933 North Lawler Ave., Suite 100
Skokie, IL 60077
Phone: 847-604-0406, Fax: 847-790-3806
Email: office@ferrigno-law.com
Attorney Number: 33554 / 08790